IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.L., a minor, by and through her father, LAWRENCE LEVY, and her mother, BETTY LOU LEVY, | ) ) ) Civ. No. 3:17-cv-1734 ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MAHANOY AREA SCHOOL DISTRICT; | ) ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT

### INTRODUCTION

This First Amendment case arises out of the Mahanoy Area School District's exclusion of a sophomore high school student from the cheerleading squad as punishment for a single post on Snapchat—created outside of school, on her own time—that school officials believed were "negative," "disrespectful," and "demeaning." Plaintiff seeks injunctive relief and damages.

### JURISDICTION AND VENUE

1. This action seeks to vindicate rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and is brought under 42 U.S.C.

§ 1983. This Court has jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) because the defendant is subject to personal jurisdiction within the Middle District of Pennsylvania and the events that give rise to this action occurred within the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff B.L. is a fifteen-year-old student in the Mahanoy Area School District. B.L. lives with her parents in Mahanoy City, Pennsylvania.

4. Plaintiff Lawrence Levy is B.L.'s father. Mr. Levy brings this action on behalf of his minor daughter, B.L.

5. Plaintiff Betty Lou Levy is B.L.'s mother. Ms. Levy brings this action on behalf of her minor daughter, B.L.

6. Defendant Mahanoy Area School District ("the District") is a political subdivision of the Commonwealth of Pennsylvania located in Schuylkill County.

7. The District maintains its administrative offices at 1 Golden Bear Drive, Mahanoy City, PA 17948.

## FACTS

8. B.L. is a tenth grade student at the Mahanoy Area High School.

9. B.L. is in the National Honor Society, and has been an honors student since seventh grade.

10. B.L. started cheerleading when she was in fifth grade.

11. B.L. joined the junior varsity cheerleading squad at Mahanoy Area High School in ninth grade.

12. Ms. Nicole Luchetta and Ms. April Gnall are the cheerleading coaches for the District.

13. As cheerleading coaches, Ms. Luchetta and Ms. Gnall report to the Band Director, Assistant Band Director, Athletic Director, Principal, and ultimately to Joie L. Green, the Superintendent of the District.

14. The cheerleading squad is active throughout the year, including the summer.

15. The squad practices several times a week during the summer. During the school year, the squad practices twice a week in addition to cheering at games or matches.

16. The squad cheers for the District football, basketball, and wrestling teams.

*Cheerleading Rules*

17. The District school board authorized the cheerleading coaches to draft rules and regulations for student cheerleaders and required that the rules be submitted to the District administration, including the high school principal and superintendent, for approval.

18. Upon information and belief, the Mahanoy Area High School Cheerleading Rules ("the Cheerleading Rules") were approved or ratified by the District administration.

19. B.L. received a copy of the Cheerleading Rules in May 2016 when she joined the junior varsity cheerleading squad.

20. Upon information and belief, those Cheerleading Rules are currently in effect.

21. The Cheerleading Rules state at the top that "All of the information below is at the coaches' discretions and rules may be subject to change. If there is a situation with extreme circumstances, it will be addressed at that time."

22. Among other provisions, the Cheerleading Rules state that cheerleaders will be benched if they are failing two or more classes, and will be dismissed from the squad if they are benched three times or are failing two or more classes for three consecutive weeks.

23. The Cheerleading Rules also state that cheerleaders will not be permitted to cheer unless they raise at least $60 for the team or pay off this "debt" themselves.

24. In addition, the Cheerleading Rules state, "Please have respect for your school, coaches, teachers, other cheerleaders and teams. Remember, you are representing your school when at games, fundraisers, and other events. Good sportsmanship will be enforced, this includes foul language and inappropriate gestures."

25. The Cheerleading Rules also state, "There will be no toleration of any negative information regarding cheerleading, cheerleaders, or coaches placed on the internet."

### *B.L.'s Snapchat Post*

26. On or about Saturday, May 28, 2017, B.L. posted a "Snap" to Snapchat—a popular social media platform—featuring a photo of her and a friend holding up their middle fingers with the text "fuck school fuck softball fuck cheer fuck everything" superimposed on the image.

27. B.L. created and posted the Snap using her phone.

28. The Snap did not mention the District, B.L.'s school, B.L.'s cheerleading squad, or any individuals by name, and the photo did not feature any team uniforms or school paraphernalia.

29. The photo was taken at the Cocoa Hut, a local convenience store.

30. The photo was taken on a weekend, when B.L. was not participating in cheerleading or any other school activity.

31. B.L. shared the Snap only with her Snapchat friends. It was not accessible to the general public.

32. Snapchat deletes all Snaps from the platform after 24 hours, so B.L.'s Snap disappeared from Snapchat the next day, which was a Sunday.

33. B.L. did not access or share the Snap at school.

34. B.L. used no school resources to create the Snap.

35. B.L. used no school time to create the Snap.

### *B.L.'s Dismissal from the Cheerleading Team*

36. On Thursday, June 1, 2017, Ms. Luchetta pulled B.L. out of homeroom to inform B.L. that she was dismissed from the cheerleading squad.

37. Ms. Luchetta confronted B.L. with a photo of the Snap containing the phrase "fuck cheer" and told B.L. that the Snap was "disrespectful" to the coaches, the school, and the other cheerleaders, and that the Snap was the reason B.L. was being dismissed from the squad.

38. Neither the cheerleading coaches nor anyone in the District administration ever suggested there was any basis for B.L.'s dismissal from the team other than the content of the offending Snap.

39. The Snap did not create any disruption of school activities.

40. Other than creating the offending Snap, B.L. has never violated any of the Cheerleading Rules.

## *Repeated Requests for Reinstatement*

41. Plaintiff and her parents made repeated requests that the District reconsider B.L.'s punishment, initiating multiple conversations about the issue with the cheerleading coaches, the athletic director, the high school principal, the superintendent, and the school board.

42. After being informed of her suspension from the team, B.L. asked permission to go to the principal's office to telephone her mother. B.L. called her mother and her mother spoke with Ms. Luchetta.

43. On the call with Ms. Levy, Ms. Luchetta reiterated what she had said to B.L., and added that the punishment was ultimately the principal's decision.

44. B.L. asked to speak with Mr. Thomas Smith, the high school principal, and asked him whether there was any way for B.L. to be reinstated to the squad.

45. Mr. Smith told B.L. that he would not overrule the coaches' decision.

46. Mr. Smith also told B.L. that she could receive school discipline for "disrespecting" the school, explaining that he could not tolerate disrespect.

47. Lawrence Levy also spoke with Mr. Smith on June 1, 2017, asking him for a follow-up meeting with the administration to discuss B.L.'s punishment. The Administration rescheduled that meeting several times before ultimately scheduling it for June 14, 2017.

48. On June 9, 2017, Lawrence Levy wrote to Dr. Joie Green (the District superintendent), Mr. Thomas Smith (the high school principal), and Mr. Kieran Cray (the District athletic director) to appeal B.L.'s dismissal from the team.

49. In that letter, Mr. Levy explained that the Snap had been posted on a weekend, off-campus, and not during any school or district sporting event, and that it was accessible only to B.L.'s friends. He also explained that the First Amendment forbids public schools from punishing students because of their out-of-school speech.

50. On June 14, 2017, at 7:30am, Lawrence Levy attended a conference with the District superintendent, athletic director, and the two cheerleading coaches.

51. At that conference, the coaches referred to a copy of the Cheerleading Rules, and stated that the content of the "fuck cheer" Snap violated the Rules.

52. Ms. Luchetta explained that she believed the Snap was "demeaning to me, the school, and the rest of the cheerleaders."

53. On June 29, 2017, Lawrence Levy attended a school board meeting in order to ask the board to reinstate B.L. to the cheerleading squad.

54. At that board meeting, Mr. Levy emphasized that the Snap had been shared with B.L.'s friends on a weekend, not during any school event, and that the Snap did not name any particular people or the school or District.

55. At that board meeting, Mr. Levy also explained that the First Amendment limits public schools' ability to punish students for their off-campus speech, and that schools cannot punish students if the speech has not caused substantial disruption.

56. After the board meeting, Superintendent Green sent a Facebook message to Lawrence Levy to inform him that the school board had decided to stand by the cheer coaches' decision to remove B.L. from the team. Superintendent Green added that B.L. could try out for the cheerleading squad again next year.

57. On September 1, 2017, counsel for B.L. and Lawrence Levy wrote to the Superintendent Green and the District Solicitor to further explain the governing law and request that B.L. be reinstated to the team immediately. The letter asked for a response by the close of business on September 6, 2017.

58. The District Solicitor did not respond to the letter by the appointed time, nor to Plaintiff's counsel's subsequent emails and calls over the following week asking whether the District needed additional time to respond.

*Harm to B.L.*

59. Cheerleading is the main extracurricular activity to which B.L. has devoted time and energy.

60. Colleges and universities judge applicants not only on their academic records, but also on the depth of their involvement in extracurricular activities.

61. Being removed from the squad impairs B.L.'s opportunities to gain admission to top colleges.

62. Sustained participation in extracurricular activities also has significant benefits for student well-being.

63. Among other benefits, students who participate in extracurricular activities are less likely to abuse alcohol or drugs than students who do not participate in extracurriculars.

64. B.L. misses cheerleading and wants to return to the squad.

65. B.L.'s exclusion from the cheerleading squad constitutes irreparable harm that cannot be adequately remedied by money damages.

## CLAIMS

**Count I: The District's Punishment of Plaintiff Violates the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983**

66. The District's exclusion of B.L. from the cheerleading squad for her out-of-school speech violates the First Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

**Count II: The Cheerleading Rules, On Their Face, Violate the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983**

67. The District's Cheerleading Rules are unconstitutional on their face because they are overbroad and constitute viewpoint discrimination, in violation of the First Amendment to the U.S. Constitution.

**Count III: The Cheerleading Rules, On Their Face, Violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983**

68. The District's Cheerleading Rules are unconstitutional on their face because they are unduly vague, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court provide the following relief:

(a) Declare that District's disciplinary action against B.L. for her out-of-school speech violated B.L.'s rights under the First and Fourteenth Amendments to the U.S. Constitution;

(b) Declare that the District's Cheerleading Rules, on their face, violate the First and Fourteenth Amendments to the U.S. Constitution because they are overbroad and constitute viewpoint discrimination;

(c) Declare that District's Cheerleading Rules that have been used, and may be used, to punish out-of-school speech are unconstitutionally vague, and thereby violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(d) Enjoin the District from any continuing punishment or sanction against B.L. on account of her constitutionally protected speech, including reinstating B.L. to the cheerleading squad and expunging from B.L.'s school records all references to the incident in question;

(e) Award Plaintiff damages in an amount to be determined at trial;

(f) Award Plaintiff costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(g) Grant such other relief as this Court deems just and appropriate.

Dated: September 25, 2017

Respectfully submitted,

_____
Molly Tack-Hooper (PA 307828)
Mary Catherine Roper (PA 71107)
AMERICAN CIVIL LIBERTIES
UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
Tel: (215) 592-1513 ext. 113
Fax: (215) 592-1343
mtack-hooper@aclupa.org
mroper@aclupa.org

## **VERIFICATION**

I, B.L., hereby affirm under the penalties of perjury:

1. I am a minor (under eighteen years old).
2. My parents are Lawrence Levy and Betty Lou Levy.
3. I am a Plaintiff in this lawsuit.
4. I have read the factual allegations in the foregoing Verified Complaint.
5. The factual allegations are, to the best of my knowledge and belief, true and correct.

Dated: 9-20-17        B.L.
_____     _____
                    (B.L. Signature)

## VERIFICATION

I, Lawrence Levy, hereby affirm under the penalties of perjury:

1. I am over the age of 18 and competent to testify.
2. I am the parent of B.L., the minor Plaintiff identified in the foregoing Verified Complaint.
3. I have read the factual allegations in the foregoing Verified Complaint.
4. The factual allegations are, to the best of my knowledge and belief, true and correct.

Dated: 9-20-17

_____
(Lawrence Levy Signature)

## VERIFICATION

I, Betty Lou Levy, hereby affirm under the penalties of perjury:

1. I am over the age of 18 and competent to testify.
2. I am the parent of B.L., the minor Plaintiff identified in the foregoing Verified Complaint.
3. I have read the factual allegations in the foregoing Verified Complaint.
4. The factual allegations are, to the best of my knowledge and belief, true and correct.

Dated: 9-20-17

_(Betty Lou Levy Signature)_