LEVIN LEGAL GROUP, P.C.
Michael Levin, Esquire
David Brown, Esquire
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
Phone: (215) 938-6378
*Attorneys for Defendant*
*Mahanoy Area School District*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.L., a minor, by her father, LAWRENCE LEVY, and her mother, BETTY LOU LEVY | : : : : | Civil Action No. 3:17-cv-1734 |
| Plaintiffs, | : : | (The Hon. A. Richard Caputo) |
| v. | : : | |
| MAHANOY AREA SCHOOL DISTRICT, | : : | |
| Defendant. | : : | |

### ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES
### AND JURY DEMAND

AND NOW, COMES THE Defendant, Mahanoy Area School District (the "District"), by and through its undersigned counsel, the LEVIN LEGAL GROUP, P.C., who files this Answer to Complaint, Affirmative Defenses and Jury Demand, and who, in support thereof, states the following:

1

1. Admitted in part, and denied in part. The District admits that this action is brought under 42 U.S.C. § 1983. The District further admits that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 28 U.S.C. §§ 2201 and 2202. The District denies that there are any rights to be vindicated in this action.

2. Admitted.

## PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## FACTS

8. Admitted.

9. Denied. The District admits only that B.L. achieved "superior honors" as a freshman at Mahanoy Area High School. All other averments of this paragraph are denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted in part, and denied in part. The District admits that the cheerleading coaches report to the athletic director, high school principal, and Superintendent Dr. Joie Green. The District denies that the cheerleading coaches report to the band director or assistant band director.

14. Admitted.

15. Admitted in part, and denied in part. The District admits that the cheerleading team practices twice a week in June and July. The District denies that the cheerleading team always practices twice a week during the school year. In reality, the cheerleading team practices once a week in August and during the school year.

16. Admitted.

### *Cheerleading Rules*

17. Admitted in part, and denied in part. The District admits that the cheerleading coaches were authorized to draft and implement rules for student cheerleaders. The District further admits that the rules were submitted to the District administration for approval. All other averments of this paragraph are denied.

18. Admitted.

19. Admitted. By way of further explanation, B.L. received another copy of the Cheerleading Rules in May 2017.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted in part, and denied in part.  The District admits that the cheerleading rules state, "Each cheerleader must raise at least $60 per year (or pay the boosters this fee) to remain on the squad.  If the $60 is not met the cheerleader will not be able to cheer the following year until the debt is paid off."  All other averments of this paragraph are denied.

24. Admitted.

25. Admitted.

### B.L.'s Snapchat Post

26. Admitted in part, and denied in part.  The District admits that B.L. posted a "Snap" to Snapchat featuring her and a friend holding up their middle fingers, with text superimposed on the image stating, "fuck school fuck softball fuck cheer fuck everything."  The District lacks sufficient information to formulate a belief as to the truth of the averments as to the date when the Snap was posted.  Accordingly, that averment is denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

31. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

32. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

33. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

34. Admitted.

35. Admitted.

### *B.L.'s Dismissal from the Cheerleading Team*

36. Admitted.

37. Admitted.

38. Admitted.

39. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

40. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

By way of further explanation, at this time the District is not aware of any other violations of the Cheerleading Rules by B.L.

    41.    Admitted.

    42.    Admitted.

    43.    Admitted.

    44.    Admitted.

    45.    Admitted.

    46.    Admitted.

    47.    Admitted.

    48.    Admitted.

    49.    Admitted.  By way of further explanation, the District does not agree with Mr. Levy that public schools may not punish students for out-of-school speech.

    50.    Admitted.

    51.    Admitted.

    52.    Admitted.

    53.    Admitted.

    54.    Admitted.

    55.    Admitted in part, and denied in part.  The District admits only that Mr. Levy's comments to the school board included his interpretation of the First

Amendment with regard to school students. All other averments of this paragraph are denied.

56. Admitted.

57. Admitted in part, and denied in part. The District admits that on September 1, 2017, counsel for B.L. and Lawrence Levy wrote to Superintendent Green and the District's solicitor about the matter. The District further admits that the letter requested a response by September 6, 2017. All other averments of this paragraph are denied.

58. Admitted.

### *Harm to B.L.*

59. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

60. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

61. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

62. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

63. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

64. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

65. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

## CLAIMS

### *Count I*

66. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

### *Count II*

67. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

### *Count III*

68. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

WHEREFORE, the Defendants respectfully requests that this Court grant judgment in favor of the Defendant.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. There is no *respondeat superior* liability of the Mahanoy Area School District for the actions of its employees.

3. The Plaintiffs have suffered no injury in this matter.

4. No unlawful act or omission caused any injury.

5. The decision to remove B.L. from the cheerleading team – an extracurricular activity – did not violate the First Amendment.

6. B.L.'s profane comments and photograph posted on Snapchat are not protected by the First Amendment.

7. The decision to remove B.L. from the cheerleading team did not affect her ability to advocate her viewpoint.

8. B.L. breached her agreement to comply with the Cheerleading Rules.

9. The conduct of B.L. was repugnant to the images of the School District she agreed to uphold as a voluntary member and representative of the School District's cheerleading squad, wearing the uniform of the School District.

WHEREFORE, the Defendant respectfully requests that this Court dismiss all claims in the Complaint and grant judgment in the District's favor.

## DEMAND FOR JURY TRIAL

Defendant hereby respectfully requests makes a demand for a trial by jury.

Respectfully submitted,

Date:  November 17, 2017

/s/ *David W. Brown*
Michael I. Levin (PA 21232)
David W. Brown (PA 201553)
LEVIN LEGAL GROUP, P.C.
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
Phone:  (215) 938-6378
Fax:  (215) 938-6375
mlevin@levinlegalgroup.com
dbrown@levinlegalgroup.com

*Attorneys for Defendant*
*Mahanoy Area School District*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2017, I caused the foregoing Defendant's Answer to Complaint, Affirmative Defenses and Jury Demand to be filed using the Court's Electronic Case Filing system, and a Notice of Electronic Case Filing was served upon all counsel in accordance with Fed. R. Civ. P. 5(b) and M.D. Pa. L. R. 5.7.

/s/ *David W. Brown*
David W. Brown