IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT

OF PENNSYLVANIA

* * * * * * * *

B.L., a minor, *
by and through her *
father, LAWRENCE *
LEVY and her *
mother BETTY LOU *
LEVY, *
Plaintiffs * Case No.
vs. * 3:17-CV-1734
MAHANOY AREA *
SCHOOL DISTRICT, *
Defendant *

* * * * * * * *

DEPOSITION OF

B.L.

November 21, 2018

Any reproduction of this transcript is prohibited without authorization by the certifying agency.

EXHIBIT

D - 18

exhibitsticker.com

---

(Whereupon, Defendant's Exhibit 14, 2018 Student Handbook, pages 61-62, was marked for identification.)

---

BY ATTORNEY LEVIN:

Q. And do you see on the top of the --- let me repeat my description.

This is two pages from this year's handbook. It's not the whole handbook, and the two pages that are copies are pages 61 and 62 of the handbook. Did you get the handbook again this school year?

A. Yes.

Q. And do you see that there in paragraph 8 is a paragraph dealing with personal conduct?

A. Yes.

Q. Okay.

And you understood when you got the handbook that students were required to comply with the rules

contained in the handbooks.

Right?

A. Yes.

Q. Okay.

Did you ever object to the rules contained in the handbook other than filing this litigation?

ATTORNEY HELFER:

I'll object to form, but you can answer.

THE WITNESS:

No.

BY ATTORNEY LEVIN:

Q. Okay.

Did you ever ask anybody for any clarification as to what the rules meant?

ATTORNEY HELFER:

I'm going to object to form again. You can answer.

THE WITNESS:

No.

BY ATTORNEY LEVIN:

Q. Did you ever speak out against any of the rules in the handbook,

either last year or this year?

ATTORNEY HELFER:

I'm going to object to form again. You can answer.

THE WITNESS:

No.

BY ATTORNEY LEVIN:

Q. Please take a look at Exhibit D-3 that's behind tab three. Can we agree that these are the cheerleading rules that were given to the cheerleaders last school year?

A. Yes.

Q. And were similar rules given to the cheerleaders this year?

A. I don't remember.

Q. Okay.

And did you object to anybody when you got these rules about anything in the rules?

A. No.

Q. Did you indicate to anybody that you didn't understand what the rules said?

A. No.

Q. Did you file any complaints with anybody in the school district about the rules?

A. No.

ATTORNEY HELFER:

I'm going to object to form, but you can answer.

BY ATTORNEY LEVIN:

Q. Please take a look at Exhibit D-18 --- or excuse me, D-12, I'm sorry.

A. Okay.

Q. Okay.

Do you recognize that as a permission form that you and your parents signed at the beginning of this school year?

A. Yes.

Q. Okay.

And you remember that your parents initialed it where we have the redactions?

A. Yes.

Q. Okay.

Did you question anybody about

the meaning of anything that's stated on this permission form?

A. No.

Q. Can we agree that cheerleading is a team activity?

ATTORNEY HELFER:

I'm going to object as asked and answered.

THE WITNESS:

Yes.

BY ATTORNEY LEVIN:

Q. And can we agree that your decision to participate on cheerleading is totally voluntary on your part?

A. Yes.

ATTORNEY HELFER:

I'll object to form, you can answer.

BY ATTORNEY LEVIN:

Q. There are no requirements for you to participate in any extracurricular activities in order to graduate, are there?

ATTORNEY HELFER:

Object to form, you can answer.

THE WITNESS:

No.

BY ATTORNEY LEVIN:

Q. And no one forced you or made you join cheerleading.

Is that correct?

A. Yes.

Q. Where were you when you signed the permission form?

A. I'm not sure, probably at my house.

Q. And was anybody from the school district with you when you signed the permission form?

A. No.

Q. Were your parents with you when you signed the permission form?

A. I'd assume.

Q. Did anybody at the school district force you to sign the permission form?

A. No.

Q. Can we agree that the school

good enough?

A. Yes.

Q. Do you think it's fair to keep someone off of an extracurricular activity if they're struggling in school with their grades?

ATTORNEY HELFER:

I'd object to the form. It's calling for an opinion. You can answer.

THE WITNESS:

Yes.

BY ATTORNEY LEVIN:

Q. Do you think a school district should have any right as to how it allows students which --- to wear uniforms that the school buys and pays for?

ATTORNEY HELFER:

Object to the form.

THE WITNESS:

Yes.

BY ATTORNEY LEVIN:

Q. Do you think that teaching students that there are consequences

for crude and profane communications on social media is a proper role for school districts?

ATTORNEY HELFER:

I'm going to object to the form.

THE WITNESS:

I guess.

BY ATTORNEY LEVIN:

Q. Which takes more time, the cheerleading or the cross country, do you know? What's your best estimate?

A. I'm not ---.

ATTORNEY HELFER:

I'm going to object. Are you asking in terms of her time or ---?

ATTORNEY LEVIN:

Oh, yeah, in terms of ---.

THE WITNESS:

Cheer probably was.

BY ATTORNEY LEVIN:

Q. Okay.

Is it close, do you think?

A. Yes.

Q. And you were in attendance at the preliminary injunction hearing in this case on October 2, 2017.

Is that correct?

A. Yes.

Q. You heard Ms. Luchetta testify at that hearing.

Is that correct?

A. Yes.

Q. Ms. Luchetta testified that the main purpose of the rules is not only to teach students that they have to follow the rules, and if they don't follow the rules, there's consequences. But in addition, that the school wants to teach them team building skills.

Do you remember her testimony about that?

ATTORNEY HELFER:

Object to form.

THE WITNESS:

I don't remember.

BY ATTORNEY LEVIN:

Q. Do you have any evidence to the contrary, to contradict her testimony as I've just summarized it for you?
A. I guess not.
Q. Please take a look at Exhibit D-13. Can we agree that that's a permission form that your parents and your sister signed this year?
A. I don't --- my sister?
Q. You have a sister or a brother. I forget what you told me.
A. I have a brother.
Q. Okay.
Didn't your brother sign this form?
A. I guess.

ATTORNEY HELFER:
Object to form.

BY ATTORNEY LEVIN:

Q. This indicates that the homeroom teacher is Gettig.
Do you see that?
A. Yes.
Q. Is that your understanding that's your brother's homeroom