IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.L., a minor, by and through her father, LAWRENCE LEVY, and her mother, BETTY LOU LEVY, | ) ) ) ) Civ. No. 3:17-cv-1734-ARC |
| Plaintiff, | ) (JUDGE CAPUTO) |
| v. | ) |
| MAHANOY AREA SCHOOL DISTRICT; | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff B.L. by and through her father, Lawrence Levy, and her mother, Betty Lou Levy, and undersigned counsel, hereby answers and objects to the Defendant's First Set of Interrogatories to Plaintiff. Plaintiff's responses to these interrogatories are based on information reasonably available to Plaintiff at the time of making this response, and such responses are set forth without prejudice to Plaintiff's right to assert additional objections or supplementary responses should she discover additional information or grounds for objection. Plaintiff reserves the right to supplement or amend these responses at any time prior to trial of this action in accordance with Federal Rule of Civil Procedure 26(e).

**EXHIBIT D-25**

PHDATA 6404838_2

## OBJECTIONS APPLICABLE TO EACH INTERROGATORY

Plaintiff sets forth these objections applicable to each interrogatory pursuant to Federal Rule of Civil Procedure 33(b) to avoid restating them in their entirety for each request.

1. Plaintiff objects to each and every Interrogatory to the extent that it seeks or can be construed to seek information that is privileged under the law, whether under the attorney-client privilege, work-product doctrine, or any other privilege or immunity. To the extent that any information is inadvertently provided, which information is properly the subject of the attorney-client privilege or work-product doctrine or any other privilege or immunity, such disclosure is not to be construed as a waiver of the applicable privilege, doctrine, or immunity.

2. In responding to these Interrogatories, Plaintiff and her counsel have conducted a reasonable search of records where responsive information, if any, is most apt to be found. To the extent the Interrogatories seek to require Plaintiff to take any actions other than those enumerated above, Plaintiff objects to this discovery on the grounds that it is unduly burdensome and oppressive and disproportionate to the needs of the case.

3.  Plaintiff objects to the Interrogatories to the extent they attempt to impose obligations on Plaintiff other than those imposed or authorized by the Federal Rules of Civil Procedure and/or any applicable orders of the Court.

4.  Plaintiff, by providing responses to these Interrogatories, does not, in any way, waive or intend to waive, but rather intends to preserve and does preserve the following:

    a)  All objections as to competency, relevancy, materiality, and admissibility;

    b)  All rights to object on any ground as to the use of any of the responses herein in any subsequent proceedings, including the trial of this and any other actions;

    c)  All objections as to vagueness, over breadth, and ambiguity; and

    d)  All rights to object on any ground to any further discovery requests in this action.

5.  Plaintiff objects to these Interrogatories to the extent that any is duplicative and repetitive of other requests and seeks to require Plaintiff to provide the same information and documents more than once.

6. Plaintiff objects to these Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, or otherwise disproportionate to the needs of the case.

7. Plaintiff objects to these Interrogatories to the extent they are so vague as to be incapable of a definite response.

8. Plaintiff objects to these Interrogatories to the extent they are phrased to elicit acquiescence in or admission of the factual or legal assertions or characterizations by any other party, or are otherwise argumentative or conclusory. Plaintiff does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization contained in the Interrogatories.

9. Plaintiff objects to these Interrogatories to the extent they seek or depend upon information that is not in Plaintiff's possession, custody, or control, and to the extent that they seek information equally or more available to Defendant.

10. Plaintiff objects to these Interrogatories as disproportionate to the needs of the case to the extent they do not define a relevant time limitation and call for the production of documents without limitation as to time.

11. Plaintiff objects to the definition of "Offending Snap" to the extent that it characterizes Snapchat as a "social media site," and not an app.

12. Plaintiff objects to the Interrogatories as unduly burdensome and cumulative to the extent they repeat questions that B.L. answered on the record under oath at the October 2, 2017 Preliminary Injunction hearing in this matter.

Subject to and without waiving the foregoing general objections, Plaintiff provides the following answers to defendant Mahanoy Area School District's First Set of Interrogatories:

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1:

Explain how the Offending Snap was created, including the following information:

a. Who decided to create the Offending Snap and why;

b. When and where the photograph was taken

c. What technological device(s) were used to take the photograph, create the Offending Snap, and upload the Offending Snap to Snapchat;

d. Who added the text to the photograph to create the Offending Snap, and when and where the addition of the text occurred;

e. Who uploaded the Offending Snap to Snapchat, and when and where the uploading occurred;

f. Who was able to view the Offending Snap (e.g., specific individuals, all of your Snapchat "friends," or "everyone"); and

g. What effect, if any, B.L. hoped to derive from the positing [*sic*] of the Offending Snap.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this request as vague and calling for speculation to the extent it requests that she identify who was able to view the Offending Snap. Plaintiff further objects to this interrogatory as cumulative, unduly burdensome, and disproportionate to the needs of this case to the extent that it asks questions B.L. has already answered under oath on the record at the Preliminary Injunction hearing in this matter.

Subject to and without waiver of the foregoing objections, B.L. states:

a. She decided to create the image and post it to Snapchat and did so because she was angry about not making varsity for cheerleading, not getting the position she wanted for softball, and because of final examinations. (*See* 10/2/2017 N.T. 17:2-12.)

b. The photograph was taken on a Saturday at the end of May 2017 at a store called the Cocoa Hut. (*See id.* 15:8 16:1-6.)

c. The photograph was taken and posted on Snapchat via B.L.'s private cell phone.

d. B.L. added the text to the photograph and did so while still at the Cocoa Hut.

e. B.L. posted the image and did so while still at the Cocoa Hut.

f. B.L. expected that only people who had her permission via Snapchat would be able to view the image. (*See id.* 28:23-29:2.)

g. B.L. did not intend an effect. She was expressing frustration generally. (*See id.* 18:7-13.)

**INTERROGATORY NO. 2:**

Identify all MASD students and MASD employees whom you either know or believe would have been able to view the Offending Snap. For each MASD student named, list the individual's current grade level and school, and whether the person has any connection to the Mahanoy Area High School cheerleading teams.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this request as overly broad, unduly burdensome, vague, vexatious, and disproportionate to the needs of the case to the extent that it

seeks voluminous information that is not relevant to the claims and defenses of the parties, including onerous requests for information that is in MASD's possession and control, such as the grade level, school, and connection to cheerleading teams of its own students. Plaintiff does not have a record of who had her permission to view her Snapchat posts in May 2017. Plaintiff testified that many of the approximately 250 people she believed would have been able to view the photograph on Snapchat for the limited time it appeared there were students at MASD. Subject to the foregoing objections, Plaintiff states that she believes REDACTED and REDACTED would have been able to view the image.

**INTERROGATORY NO. 3:**

Identify every communication – in person or otherwise – between you and any MASD employee, administrator or representative regarding the posting of the Offending Snap or B.L.'s suspension from the cheerleading team. For each communication, include the following information:

    a. Who participated in the communication;

    b. When (and if applicable, where) the communication occurred;

    c. The form of communication;

    d. What was discussed; and

    e. The outcome of the communication, if any.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information not relevant to the claims and defenses of the parties and that is equally available to MASD, which was party to any such communications and aware of their results, from its records. Plaintiff further objects to this interrogatory as vague to the extent it uses the undefined term "outcome of the communication." Plaintiff objects to this interrogatory as cumulative to the extent she has testified about her communications with Ms. Luchetta-Rump and Principal Smith at the Preliminary Injunction hearing and supplied details regarding several communications with MASD officials in the Verified Complaint. Subject to and without waiver of the foregoing objections, Plaintiff states that her parents had communications about her removal from the cheerleading squad with Ms. Luchetta-Rump, Principal Smith, Mr. Cray, Dr. Joie Green, Ms. Gnall, and Jack Dean, Esq. and the members of the MASD School Board. The MASD School Board decided on or about August 11, 2017, to uphold Plaintiff's removal from the cheerleading squad.

**INTERROGATORY NO. 4:**

State every form of discipline that B.L. received from any MASD employee, administrator or representative relating to the Offending Snap.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this request as unduly burdensome, vexatious, and disproportionate to the needs of the case to the extent it seeks information in the control of MASD, not Plaintiff, and as cumulative because it seeks information that B.L. testified about at the Preliminary Injunction hearing. Plaintiff further objects to this interrogatory because she is not aware whether MASD implemented any discipline that it did not communicate to her or her parents. Subject to and without waiver of the foregoing objections, Plaintiff states that MASD removed her from the cheerleading squad and that Principal Smith verbally admonished her.

**INTERROGATORY NO. 5:**

Identify every communication – in person or otherwise – between B.L. and any MASD student regarding the posting of the Offending Snap or B.L.'s suspension from the cheerleading team. For each communication, include the following information:

a. Who participated in the communication;

b. When (and if applicable, where) the communication occurred;

c. The form of communication;

d. What was discussed; and

e. The outcome of the communication, if any.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this interrogatory as overly broad, unduly burdensome, vexatious, and disproportionate to the needs of the case to the extent it seeks information not relevant to the claims and defenses of the parties. Plaintiff further objects to this interrogatory as vague to the extent it uses the undefined term "outcome of the communication." Subject to and without waiver of the foregoing objections, Plaintiff states that she does not recall any such communications at this time.

**INTERROGATORY NO. 6:**

Identify all extracurricular activities in which B.L. has participated since August 2016. For each activity, provide the following information:

a. The type of activity;

b. The dates when B.L. began and stopped participating in the activity;

c. The frequency with which B.L. participated in the activity (e.g., daily, weekly, monthly, etc.);

d. The organization sponsoring the activity;

e. The identity of the person(s) supervising B.L. during the activity; and

f. Contact information for each individual identified in subsection "e."

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this interrogatory as vague to the extent that it does not define the term "extracurricular activities." Plaintiff understands the interrogatory to be asking about organized after-school or weekend activities. Plaintiff further objects to the interrogatory as vague to the extent it uses the undefined term "organization sponsoring the activity." Plaintiff objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case to the extent it seeks information already within the possession and control of MASD, including the school-sponsored activities Plaintiff participated in and the identity and contact information of the persons supervising Plaintiff during those activities. Plaintiff further objects to this interrogatory as disproportionate to the needs of the case to the extent it seeks information not relevant to the claims and defenses in this case. Subject to and without waiver of the foregoing objections, Plaintiff states that she participated in the following extracurricular activities since August 2016:

**Cheerleading**

a. Cheerleading

b. 2016-present

c. Involvement includes weekly practice and attendance at wrestling meets and at basketball and football games.

d. Mahanoy Area School District

e. Supervisor Coach Luchetta-Rump and Coach Gnall

f. MASD has its employees' contact information.

### Meals on Wheels

a. Meals on Wheels

b. September 2016 to Present

c. Twice a school year

d. Mahanoy Area School District

e. Mrs. Fegley

f. MASD has its employees' contact information.

### Recycling Club

a. Recycling Club

b. September 2016 to present

c. Three times a school year

d. Mahanoy Area School District

e. Mrs. Stone

f. MASD has its employees' contact information.

**Softball**

    a. Mahanoy City Girls Softball

    b. On or about May 2008 to July 2017

    c. Weekly practices and games during the season

    d. Mahanoy City Girls Softball League

    e. Mary Rich, Rodney Long

    f. 604 East Center Street, Mahanoy City, PA 17948.

**INTERROGATORY NO. 7:**

Describe the extent of B.L.'s participation on the cheerleading team since the court's grant of a preliminary injunction on October 5, 2017, including whether B.L. has been absent from any team activities since that time.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this request as unduly burdensome and vexatious to the extent that it requests information already in the possession and control of MASD. Plaintiff further objects to this request as disproportionate to the needs of the case because it does not seek information relevant to the claims or defenses of the parties. Plaintiff objects to this interrogatory to the extent it uses the undefined term "extent of B.L.'s involvement." Plaintiff understands the interrogatory to be asking whether she participates on the cheerleading squad. Subject to and without

waiver of the foregoing objections, Plaintiff states that she continues to participate on the cheerleading squad, has attended all practices, events, and games, and cannot recall any absences from team activities.

**INTERROGATORY NO. 8:**

If you have ever been a plaintiff in another lawsuit, for each lawsuit, list: the nature of the claim, the court or other forum in which the lawsuit was filed, the disposition of the matter, any damages awarded to you, and damages awarded to any other plaintiff(s).

**RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not relevant to the claims or defenses of the parties and, accordingly, is beyond the scope of permissible discovery.

**INTERROGATORY NO. 9**

Describe with specificity the damages that you are claiming in this action, including any equitable relief sought, as well as any out-of-pocket expenses you expect to incur, and the amount of any monetary damages you are seeking, if any.

## RESPONSE TO INTERROGATORY NO. 9

Subject to and without waiver of the foregoing objections applicable to each interrogatory, Plaintiff objects to this interrogatory as vague to the extent it seeks information about "out-of-pocket expenses you expect to incur." Plaintiff understands the phrase to mean litigation costs. Plaintiff further objects to the interrogatory as premature. Subject to the foregoing objections, Plaintiff states that, aside from equitable relief, she presently intends to seek nominal damages, not compensatory damages, as vindication for MASD's violation of her civil rights. Plaintiff intends to seek taxable costs. Plaintiff also intends to seek attorneys' fees under 42 U.S.C. § 1988(b).

### AS TO THE OBJECTIONS:

s/Arleigh P. Helfer III
Arleigh P. Helfer III (PA 84427)
Theresa Loscalzo (PA 52031)
SCHNADER HARRISON SEGAL &
LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 751-2000
Fax: (215) 751-2205
ahelfer@schnader.com
tloscalzo@schnader.com

and

Molly Tack-Hooper (PA 307828)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA

P.O. Box 60173
Philadelphia, PA 19102
Tel.: (215) 592-1513 ext. 113
Fax: (215) 592-1343
mtack-hooper@aclupa.org

## AS TO THE RESPONSES:

I, Lawrence Levy, on behalf of my minor daughter, plaintiff B.L., hereby declare under penalty of perjury that the foregoing answers are true and correct.

*/s/ Lawrence Levy*

Executed on March 21, 2018

17

PHDATA 6404838_1

## CERTIFICATE OF SERVICE

I hereby certify that I am this 23rd day of March, 2018, serving the foregoing discovery response upon the persons and in the manner indicated below:

By email:

Michael I. Levin, Esq.
David W. Brown, Esq.
mlevin@levinlegalgroup.com
dbrown@levinlegalgroup.com

John G. Dean, Esq.
Elliott Greenleaf & Dean
JGD@elliottgreenleaf.com

                                              s/Arleigh P. Helfer III
                                              Arleigh P. Helfer III (PA 84427)
                                              Theresa Loscalzo (PA 52031)
                                              SCHNADER HARRISON SEGAL &
                                              LEWIS LLP
                                              1600 Market Street, Suite 3600
                                              Philadelphia, PA 19103
                                              Tel.: (215) 751-2000
                                              Fax: (215) 751-2205
                                              ahelfer@schnader.com
                                              tloscalzo@schnader.com

                                              Molly Tack-Hooper (PA 307828)
                                              AMERICAN CIVIL LIBERTIES UNION
                                              OF PENNSYLVANIA
                                              P.O. Box 60173
                                              Philadelphia, PA 19102
                                              Tel.: (215) 592-1513 ext. 113
                                              Fax: (215) 592-1343
                                              mtack-hooper@aclupa.org