# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.L., a minor, by her father, LAWRENCE LEVY, and her mother, BETTY LOU LEVY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAHANOY AREA SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Civil Action No. 3:17-cv-1734<br><br>(The Hon. A. Richard Caputo) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.1, Plaintiff B.L. hereby responds to Defendant Mahanoy Area School District's ("MASD") Statement of Undisputed Facts. By making these responses, plaintiff does not concede the materiality of any purported undisputed fact or waive her right to raise such a challenge.

Plaintiff responds as follows:

1.　Not disputed.

2.　Not disputed.

3.　Not disputed.

4.　Not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Disputed.  Cheerleaders are selected in May and practice over the summer and during the school year through the end of March.  Pl.'s Ex. F,[1] Luchetta-Rump Dep., Oct. 10, 2018, at 13:18–25.

11. Not disputed.

12. Not disputed.

13. It is not disputed that MASD expects Mahanoy Area High School ("MAHS") cheerleaders to abide by a set of rules (the "Cheerleading Rules").

14. Not disputed.

15. Not disputed.

---

[1] References to Plaintiff's Exhibits are to the previously filed exhibits in support of Plaintiff's Motion for Summary Judgment, available at ECF 39-1 (Pl.'s Exs. A–J) and ECF 39-2 (Pl.'s Exs. K–Q).

16. Not disputed that MAHS cheerleading coaches discuss the rules generally with students who are trying out for the cheerleading team. However, the record does not support a claim that the coaches explained anything about whether students' out-of-school speech could be punished under the Cheerleading Rules. Pl.'s Ex. F, Luchetta-Rump Dep., Oct. 10, 2018, at 12:19–13:1.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. Not disputed that the Pennsylvania Interscholastic Athletic Association, Inc. ("PIAA"), is a nonprofit organization that promulgates regulations that describe the PIAA's conception of good sportsmanship, among other things.

21. Not disputed.

22. Not disputed.

23. Not disputed.

24. Not disputed that MASD allows the MAHS cheerleading coaches to promulgate team rules without anyone else reviewing those rules.

25. This is an inadmissible statement of lay opinion. The cited testimony was elicited from a 16-year old student without having explained the meaning of the term "reasonable" or having established a foundation of experience, knowledge, or legal training that would allow B.L. to offer a useful opinion within the scope of Federal Rule of Evidence 701, rendering it inadmissible. Counsel objected to MASD's counsel's attempts to elicit opinion testimony from B.L. that she is not qualified to give. *See, e.g.*, Pl.'s Ex. I, B.L. Dep., Oct. 24, 2018, at 54:4–55:16, 56:20–60:9, 63:23–66:1, 89:22–90:15, 91:10–20; Pl.'s Ex. J, B.L. Dep., Nov. 21, 2018, at 16:11–22:9, 27:15–20. B.L. also testified that she believes it is not "reasonable and appropriate" for a school district to force students to comply with rules that violate their constitutional rights. Pl.'s Ex. J at 43:7–14.

26. Without conceding the validity of the rule, not disputed.

27. Without conceding the validity of the rule, not disputed.

28. Not disputed that Mrs. Levy, who is not legally trained, thinks that school districts have the right to teach students about respect and impose rules regarding respect.

29. Not disputed.

30. Not disputed.

31. Not disputed.

32. Not disputed that B.L. did not object to or file a complaint regarding the Cheerleading Rules prior to being punished pursuant to those rules.

33. Not disputed.

34. Not disputed.

35. Not disputed.

36. Not disputed.

37. Not disputed.

38. Not disputed.

39. Not disputed.

40. Not disputed that part of B.L.'s motivation in making and posting the Snap—but not her entire motivation—concerned frustration at not making the varsity cheerleading squad. Pl.'s Ex. I, B.L. Dep., Oct. 24, 2018, at 33:12–17.

41. Not disputed that the Snap depicted at Ex. D-2 exists and contains the quoted text, as well as an upside-down smiley face. The record citation does not establish its authorship or the timing of its creation.

42. Not disputed.

43. Not disputed.

44. Not disputed that the cheerleading coaches jointly decided to suspend B.L. from the cheerleading team. Disputed that the decision was based on anything other than the Snap containing profanity. The record citation does not support the claim that the decision was made based on more than the Snap containing profanity. Moreover, Ms. Luchetta-Rump explicitly testified that the Snap stating "love how me and [redacted] get told we need a year of JV before we make varsity but that doesn't matter to anyone else" did not violate any rules. Pl.'s Ex. F, Luchetta-Rump Dep., Oct. 10, 2018, at 70:21–25.

45. Disputed. MASD authorized the cheerleading coaches to create and enforce the Cheerleading Rules pursuant to which they suspended B.L. from the cheerleading team. Pl.'s Ex. H, Green Dep., Oct. 10, 2018, at 13:10–19.

46. Not disputed that B.L.'s punishment consisted of her removal from the cheerleading team.

47. Not disputed that B.L.'s father perceived her to be upset for about a week or so.

48. Not disputed.

49. Not disputed.

50. Not disputed that there was no formal school board vote.

51. Disputed as stated. Not disputed that the School Board "decided to support the cheer coaches and their decision" to remove B.L. from the team and allowed the punishment to stand over Mr. Levy's objections. Pl.'s Ex. N.

52. Not disputed.

53. Not disputed.

54. Not disputed.

55. Not disputed that Ms. Luchetta-Rump testified that she personally believes that issues concerning negative information communicated electronically must be addressed for the cheerleading coaches to "avoid chaos" and maintain a "team-like" environment.

56. Not disputed.

57. Not disputed that Ms. Luchetta-Rump testified at her deposition that the Snap violates the PIAA rules and the Personal Conduct provision of the Student Handbook as well as the "respect" and "negative information" provisions of the Cheerleading Rules. Disputed that the District based the decision to punish B.L. on anything other than the "respect" and "negative information" provisions of the Cheerleading Rules; the record citation does not support this.

58. Not disputed.

59. Not disputed.

60. Not disputed.

61. Not disputed that Ms. Luchetta-Rump testified that four out of eight of B.L.'s teammates on the JV cheerleading squad as well as "at least four" out of the eleven or twelve varsity cheerleaders were upset by the Court's granting of a preliminary injunction. Pl.'s Ex. F, Luchetta-Rump Dep., Oct. 10, 2018, at 62:23–65:8.

62. This is an inadmissible statement of lay opinion. The cited testimony was elicited from a 16-year old student without having explained the meaning of the term "reasonable" or having established a foundation of experience, knowledge, or legal training that would allow B.L. to offer a useful opinion within the scope of Federal Rule of Evidence 701, rendering it inadmissible. Counsel objected to MASD's counsel's attempts to elicit opinion testimony from B.L. that she is not qualified to give. *See, e.g.*, Pl.'s Ex. I, B.L. Dep., Oct. 24, 2018, at 54:4–55:16, 56:20–60:9, 63:23–66:1, 89:22–90:15, 91:10–20; Pl.'s Ex. J, B.L. Dep., Nov. 21, 2018, at 16:11–22:9, 27:15–20. B.L. also testified that she believes it is not "reasonable and appropriate" for a school district to force students to comply with rules that violate their constitutional rights. Pl.'s Ex. J at 43:7–14.

63. Not disputed.

64. Not disputed.

65. Not disputed.

66. The record citation does not support a claim that the Cheerleading Rules are efficacious at teaching students that certain privileges come with greater responsibilities and higher standards.

                          Respectfully submitted,

                          /s/ Arleigh P. Helfer III
                          Theresa E. Loscalzo (PA 52031)
                          Arleigh P. Helfer III (PA 84427)
                          SCHNADER HARRISON SEGAL &
                          LEWIS LLP
                          1600 Market Street, Suite 3600
                          Philadelphia, PA 19103
                          (215) 751-2430
                          ahelfer@schnader.com

                          Molly Tack-Hooper (PA 307828)
                          Mary Catherine Roper (PA 71107)
                          AMERICAN CIVIL LIBERTIES UNION
                          OF PENNSYLVANIA
                          P.O. Box 60173
                          Philadelphia, PA 19102

                          *Attorneys for Plaintiff*

Date: February 8, 2019